IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH E. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-169-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

I.    **PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. (TR. 15, 69-73, 76-79). Following an administrative hearing, Administrative Law Judge (ALJ) Larry D. Shepherd issued an unfavorable decision on February 1, 2017. (TR. 15-25). The Appeals Council (AC) denied Plaintiff's request for

review on December 27, 2017. (TR. 1-6). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 3, 2015. (TR. 17). At step two, the ALJ determined that Ms. Green had the severe medically determinable impairments of degenerative disc disease, status post-surgical repair; obesity; and degenerative joint disease of the right knee, status post-surgical repair. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 18).

The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about six hours during an eight-workday [sic] and can stand and walk for at least two hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch or crawl.

(TR. 19). At step four, the ALJ relied on vocational expert ("VE") testimony to find that Plaintiff could not perform her past relevant work, a composite job that including performing duties associated with the jobs of courtesy booth cashier and cashier-checker. (TR. 23-24, 46). The ALJ also found, again relying upon VE testimony, that Plaintiff had

acquired work skills from her past work, specifically the ability to handle money. (TR. 24, 47-48).

At step five, the ALJ presented several limitations to the VE to determine whether there were other jobs in the national economy that Plaintiff could perform given her RFC. (TR. 47-49). Given these limitations, the VE found that Plaintiff's money handling skill would transfer to the sedentary, semi-skilled job of check cashier. (TR. 24-25, 47-49). The ALJ adopted the testimony of the VE and found that Plaintiff was not disabled. (TR. 25).

## III. ISSUE PRESENTED

On appeal, Plaintiff alleges that the ALJ erred in finding that Plaintiff could perform the job of check cashier because he did not include in the RFC work-related mental limitations related to Plaintiff's physical pain complaints.[1] (ECF No. 14:5-10).

---

[1] In addition to her main argument concerning the RFC, Plaintiff also cites the case of *Dikeman v. Halter*, 245 F.3d 1182 (10th Cir. 2001), arguing that in that case Plaintiff successfully argued that the ALJ's finding that Plaintiff had acquired transferable skills from her past work was not supported by substantial evidence. (ECF No. 14:6). Plaintiff's contention with respect to the *Dikeman* case is that she could not perform the job of check cashier because the ALJ "failed to consider mental limitations imposed from pain which would prohibit the successful performance of the job" because this job "likely had a low error tolerance." *Id.* at 8. Because Plaintiff's substantive argument concerning the *Dikeman* case is identical to her argument concerning the RFC, the Court will not address it again in this order. Plaintiff also notes that in making a finding concerning transferable skills, an ALJ must identify the specific skills acquired and that the record must contain evidence concerning these skills. *Id.* at 9, *see Dikeman*, F.3d at 1186. First, the vocational expert identified the specific skill Plaintiff acquired from her past work – the skill of handling money. (TR. 24, 46-49). At the hearing, the vocational expert testified that the record contained sufficient evidence for her to form an opinion concerning Plaintiff's past work as a cashier. (TR. 45-46). The record contains several statements from Plaintiff concerning the nature of her past work and her specific job responsibilities. (TR. 155-156, 162-164).

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ'S RFC EVALUATION

Plaintiff argues that the RFC "did not contemplate" Plaintiff's work-related mental limitations stemming from pain. (ECF No. 14:6). Plaintiff contends that an individual with a "pain impairment" would not be able to perform the job of check cashier, which requires a reasoning level of three, is in "excess of simple work", and lacks "flexibility regarding errors." *Id.*

Plaintiff cites her treatment history for her musculoskeletal impairments, and her referral to a pain management specialist, as evidence that she has a "pain impairment", the existence of which is supported by substantial evidence. *Id.* at 9. Plaintiff argues that the ALJ should therefore have included in the RFC "some limits" related to Plaintiff's ability to "understand, remember or carry out simple instructions/simple work." *Id.*

4

As a preliminary matter, when referencing a "pain impairment", Plaintiff is not referring to a severe, medically determinable impairment as contemplated by Social Security regulations, but is instead describing pain *symptoms* stemming from her musculoskeletal impairments.

Social Security regulations clearly establish that symptoms such as pain, cannot, by themselves, constitute medically determinable impairments. *See* Social Security Ruling ("SSR") 96-4p (A symptom is not a medically determinable physical or mental impairment and no symptom by itself can establish the existence of such an impairment); *see also* 20 CFR § 404.1529(b) ("Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present … Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.").

The Commissioner does not dispute that Plaintiff has symptoms of pain stemming from her severe physical impairments. (ECF No. 16:6). Nor does Commissioner dispute the possibility that the pain stemming from physical impairments might result in limitations typically associated with mental impairments, for example restrictions relating to an individual's ability to maintain attention and concentration.

5

However, in this case, Plaintiff has not only never alleged any mental impairments, but has specifically denied suffering from the kinds of limitations she now seeks to incorporate into the RFC. In a function report filed in September 2015, Plaintiff did not allege any problems with attention and concentration, stated that she was able to follow written and spoken instructions well, had no difficulties getting along with authority figures, and was able to cope with stress and changes in routine. (TR. 171-172).

Plaintiff does not explain how the distractions caused by physical pain could result in limitations related to Plaintiff's ability to "understand, remember or carry out simple instructions/simple work", nor does Plaintiff point to any opinion evidence from an acceptable medical source suggesting that her pain symptoms would result in work-related limitations typically associated with mental impairments. *See Scull v. Apfel*, 221 F.3d 1352 (10th Cir. 2000) (unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on September 7, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE